### THOMAS WOOD *vs.* PHILO MELIUS.

An affidavit in an action of tort, made in behalf of the plaintiff therein, that the deponent believes and has reason to believe that the defendant "intends to leave the state, so that execution, if obtained, cannot be served upon him," is insufficient to authorize an arrest, under Gen. Sts. *c.* 124, § 2.

TORT. The writ was served by an arrest of the defendant, who moved for a dismissal of the action on the ground that the affidavit indorsed upon the writ was insufficient to authorize the arrest, under Gen. Sts. *c.* 124, § 2. The affidavit was as follows: "I, Henry J. Dunham, in behalf of the plaintiff named in the annexed writ, do on oath declare that the plaintiff has a good cause of action against the defendant therein named, and a reasonable expectation of recovering a sum equal at least to one third the damages claimed in the writ; and that I believe, and have reason to believe that he intends to leave the state, so that execution, if obtained, cannot be served upon him." The action was dismissed in the superior court, and the plaintiff appealed to this court.

*J. E. Field,* for the plaintiff.

*J. Dewey, Jr.,* for the defendant.

METCALF, J. It is provided by the Gen. Sts. *c.* 124, § 2, (reënacting § 1 of *c.* 249 of *St.* 1855,) that "no person shall be arrested on mesne process in an action of tort unless the plaintiff or some person in his behalf makes oath," among other things, "that he has reason to believe that the defendant is likely to remove beyond the jurisdiction of the court to which the writ is returnable." The oath in behalf of this plaintiff was, that the person who made it had reason to believe that the defendant intended to leave the state. This is not what the statute requires. A person may intend to do what there is no likelihood that he will do. And one person may safely swear that he has reason to believe that another intends to do an act which he has no reason to believe it is likely that the other will do. The judgment of the superior court is affirmed.